RULEY, JUDGE:
Claimant’s wife was admitted to West Virginia University Hospital in Morgantown, on January 1, 1981. She died there on January 2, 1981. Upon her admission, she had in her possession a medical alert' necklace, a diamond engagement ring, and a wedding ring. These items were taken and inventoried by hospital personnel as part of their standard procedure. After the body was taken to . a morgue, claimant discovered that the rings and necklace were missing. He valued the necklace at $10.00 and the rings, purchased as a set in 1960 for $300.00, at $600.00.
Claimant reported the loss to Bernard Westfall, associate administrator of the hospital, and a search was conducted to no avail. Claimant said that Mr. Westfall showed him a copy of the inventory report which showed the items checked into the hospital, but not checked out. Respondent presented no evidence to the contrary. In a bailment, where one party is entrusted with the care of another’s property, and:
“. . .where a bailor alleges and proves simply the delivery of the property to the bailee and the latter’s failure to return it on demand, a prima facie case is made out against the bailee; . . . But if the bailee proves that the property was stolen or destroyed by fire or accounts for his failure to return or for the injury in any other way which does not on its face involve negligence or call for further explanation, the bailor must prove negligence.” 2B M.J., Bailments, §18.
The claimant has proved a prima facie case by showing de *464 livery and failure to return. Since the respondent has presented no explanation for the loss of the items, the Court makes an award to the claimant in the amount of $610.00.
Award of $610.00.